**LIBERTY TOWNSHIP OF STODDARD COUNTY, Missouri, Respondent,**

v.

**Dennis TELFORD and John A. Short, Appellants.**

No. 49142.

Supreme Court of Missouri.

Division No. 1.

July 16, 1962.

Riddle, Baker & O'Herin, Veryl L. Riddle, Charles H. Baker, Edward F. O'Herin, Malden, for appellants.

Arnold & Trammel, Dexter, for respondent.

COIL, Commissioner.

Liberty Township of Stoddard County obtained a judgment enjoining defendants from interfering with the public use of a road and requiring them to remove obstructions therefrom. Defendants' appeal to the Springfield Court of Appeals was transferred here because this court has exclusive appellate jurisdiction for the reason that plaintiff was a political subdivision of the state. Liberty Township of Stoddard Co. v. Telford, Mo.App., 349 S.W.2d 704; Art. V, § 3, 1945 Mo.Const., V.A.M.S.

The trial court's judgment was based upon its finding that plaintiff had expended public money and labor on said road for more than ten consecutive years and plaintiff, respondent here, seeks to justify that judgment on the ground that the evidence showed that the road in question had become "legally established" pursuant to these provisions of Section 228.190 RSMo 1959 and V.A.M.S., " * * * and all roads that have been used as such by the public for ten years continuously, and upon which there shall have been expended public money or labor for such period, shall be deemed legally established roads; * * *." Appellants contend that the evidence did not show public user for ten years or the expenditure of public money or labor for that period.

The sole question on this appeal, therefore, is whether the evidence showed that the road in question had become a legally established road within the meaning of the above-quoted statutory provisions.

The road, one-half mile in length, is located in the southwest quarter of Section 16 of Liberty Township and runs north-south between an east-west road on the north and a road running west on the south. There is no dispute about the fact that the road is located upon an abandoned railroad bed and has been in existence since 1928. Since the fall of 1959, the road has been wide enough for two lines of traffic.

 There is sufficient substantial evidence in the record to justify the conclusion that the road had been used "by the public for ten years continuously." One witness testified that he had used the road since its origin in 1928 and had observed it being used by others. Others had been using the road since 1933. There was considerable evidence in the record with respect to the establishment and maintenance of gates at the road's north and south ends. Defendants' evidence was that the gates were installed in the 1940's. Suffice to say that a review of the evidence with respect to the gates shows clearly that while the present owner of the adjacent land has, since 1954, attempted to treat the road as a private one, former owners installed and used the gates to keep cattle within the area of the adjacent land and did not use the gates to prevent use of the road by members of the traveling public. Consequently, there was no interruption of the public use of the road from 1928 to 1954.

More difficult of determination is the question whether plaintiff sustained its burden to show that there had been "expended public money or labor" on the road for a period of ten years. The courts of this state, in construing the pertinent language of the above-quoted section (228.190) have held that to show compliance with the requirement that public money or labor shall have been expended for ten years "continuously" does not require proof of the constant expenditure of money or labor or the expenditure of either money or labor every year for an entire 10-year period, but that there has been compliance when public money or labor has been expended from time to time during any 10-year period, sufficient to maintain the road in reasonably good condition for public travel. The court of appeals in State ex rel. Carter County v. Lewis, Mo.App., 294 S.W.2d 954, 957 [1–3], expressed the consistently reiterated applicable principles in this manner: "To establish a public road under the quoted statutory provision, it is not necessary to prove constant expenditure of public money or labor or, for that matter, expenditure thereof 'each and every year for such 10-year period' [Garbee v. St. Louis-San Francisco Ry. Co., 220 Mo.App. 1245, 1256, 290 S.W. 655, 658]; but, it is sufficient to show that the expenditure of public money or labor began and 'continued from time to time for the period of limitation, as (reasonably) might be considered necessary or expedient by those in authority' [State v. Macy, 72 Mo.App. 427, 432; State v. Kitchen, 205 Mo.App. 31, 37, 216 S.W. 981, 983] and that such expenditure was sufficient to maintain the road 'in substantial repair and condition for * * * public travel.' · State v.

Kitchen, supra, 216 S.W. loc. cit. 984." See also Jenkins v. German, Mo.App., 298 S.W.2d 486, 488[2, 3].

Nineteen witnesses testified as to their knowledge of the origin, use and maintenance of the road. But the evidence relating specifically to the expenditure of public money or labor was not extensive. There follows a summary of the testimony which fairly may be considered as tending to show the expenditure of public money or labor on the road in question.

Sylvester Chase said that after the railroad ties had been removed in 1928, two men, Hallmark and Williams (not public employees), harrowed the abandoned railroad bed; that in 1933 and 1934 the witness and one Kilmer, working for the township at the time, went over the road with a grader. George Miller testified that in 1942, 1943, and 1944 he graded the road for Liberty Township. Elzie Smith testified that about 1943 he was an employee of the township and, along with a Mr. Mullins, a road commissioner, put in a wood culvert or bridge. Hiram Fields testified that he graded the road as an employee of Liberty Township in 1954 or 1955, or in 1954 and 1955. In the fall of 1959, probably in October, the township had graded the road and placed two hundred yards of gravel on it and put in a "tin horn" where formerly there was a culvert. Herbert Gaines testified on behalf of plaintiff that he had been a trustee of Liberty Township since 1954 and all that had been done on the road by the township since then was the 1959 work above described; that the township had attempted to have the road worked at times since 1954 but Mr. Short, the then owner of the property through which the road ran refused to permit them to grade or maintain the road; and that since 1954 the only township money spent on the road was that spent in the fall of 1959.

■ It appears from the foregoing that for the 12-year period from 1933 through 1944 there was public labor expended on the road in that the township worked thereon in 1933 and 1934 and in 1942, 1943 and 1944. It is true that there was a period of seven years in the middle of that 12-year period during which, so far as the evidence shows, no public work or money was expended. As we have heretofore noted, it was not necessary that public money or labor be expended each year for any entire 10-year period, but the statute as construed heretofore does require that the road must have been kept in substantial repair for public use during one continuous 10-year period as a result of public labor or money expended. Sellers v. Swehla, 364 Mo. 285, 261 S.W.2d 26, 35. In determining whether the evidence in this case meets the statutory standard, we take into account the fact that the evidence showed that the road in question was traveled largely by hunters and fishermen, and that it did not lead to any populous area. It would seem reasonable to say that to maintain this road in substantial repair for public travel would not require the same amount or type of labor and money that would be required to keep a heavily traveled road in substantial repair for public use. Thus, while the evidence in this case indicates that labor expended on the road was at the beginning and toward the end of a 10-year span, still we are of the view that, taking into account the type of road involved and recognizing that there was testimony that members of the public did in fact travel the road during the 10-year period in question, plaintiff sustained its burden to show that the road was kept in substantial repair for public use for a continuous period of ten years as a result of public labor expended during that time. Thus, the evidence supports the view and we hold, as did the trial court, that the road had become a legally established road pursuant to the provisions of Section 228.-190, supra. Cf. State v. Lewis, supra, 294 S.W.2d 957, and Jenkins v. German, supra, 298 S.W.2d 489.

■ Once the road had become legally established as a public road the right to use it as a public highway became vested and,

absent vacation or abandonment, such right could not thereafter be divested. State v. Lewis, supra, 294 S.W.2d 958. There was no contention below and there is none here that the road had been abandoned by non-user or that it had been vacated.

Defendants' argument that the judgment should be reversed because plaintiff's petition did not specifically allege that public money or labor had been expended on the road for a period of ten years is without merit. Assuming the petition was deficient in the respect noted, it is now considered to have been amended to conform to the evidence. Supreme Court Rule 55.54, V.A.M.R., p. 186.

The judgment is affirmed.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.