Harold H. ROSEMANN and Adele A. Rosemann, His Wife, Plaintiffs-Appellants,

v.

Carl W. ADAMS and Mayme E. Adams, His Wife, Defendants-Respondents,

and

Village of Bel-Ridge, Defendant-Intervenor-Respondent.

No. 51155.

Supreme Court of Missouri,
Division No. 1.

Jan. 10, 1966.

Motion for Rehearing or for Transfer to Court En Banc Denied Feb. 14, 1966.

Robert C. Jones, Ziercher, Tzinberg, Human & Michenfelder, Clayton, for appellants.

Sheldon D. Grand, Clayton, for defendants-respondents.

WELBORN, Commissioner.

Harold H. Rosemann and his wife Adele brought suit in the St. Louis County Circuit Court to enjoin Carl W. and Mayme E. Adams from using as a driveway and walkway a portion of the Rosemann's property described as Lot 6 in Block 2 of Ramona Heights. Plaintiffs also alleged that the defendants claimed an interest in a part of plaintiffs' lot and sought to quiet title in plaintiffs to the entire lot. The Village of Bel-Ridge intervened in the action and filed an answer alleging that the area in question had been used as a public street for more than ten years. By counterclaim, the village sought to enjoin plaintiffs from obstructing the street, and prayed judgment that title to the land was in the village as a public street or that an easement for such purpose be decreed. The individual defendants, by their answer, alleged that the area in question had been used as a public street for more than ten years and that they had established an easement by their use for more than ten years. They alternatively asked for an easement or for a declaration that the area was part of a public street. The judgment of the trial court was adverse to plaintiffs and they have appealed.

The area in question is a tract some 15' x 25' in size, located in the rear southeast corner of plaintiffs' 50' x 199' lot. Werder Avenue dead ends at that point and the paved and traveled area of the street has been extended beyond the boundary of plaintiffs' lot by some 15 feet and for the width of Werder, or some 25 feet. The driveway into the Adamses' property on Werder Avenue connects with the paved portion of Werder which is within the limits of Lot 6, or plaintiffs' lot.

After a hearing at which witnesses testified on behalf of the plaintiffs and the Adamses, and in which the village participated through counsel but offered no evidence, the trial court made findings of fact and conclusions of law. The court found that plaintiffs were record owners of Lot 6 in Block 2 of Ramona Heights, but that it was necessary for the Adamses to cross an area 15' x 25' in the southeast corner of Rosemann's lot "in order to have access to the present garage and driveway maintained by Defendants Adams on their [adjacent] property." The court further found that for a period in excess of ten years prior to October 10, 1957 [when plaintiffs' predecessor in title took possession of Lot 6], the area had been used by the Adamses "and the public in general for the purpose of access to the garage located on the property of defendants Adams and for the purpose of turning around in the dead-end street and for the purpose of deliveries." The court found that such use by the Adamses and the public in general was "open, continuous, visible and uninterrupted for a period in excess of ten (10) years * * * ."

The court made the following conclusions of law:

"7. The elements of establishing an open and public road by prescription, are an adverse, open, continuous, visible and uninterrupted use for a period of ten (10) years. Gilleland v. Rutt, 63 S.W.2d 199 (Mo.App., 1933); and City of Caruthersville v. Cantrell, et al., supra.

"8. When evidence has been presented of a use of land which is continuous, uninterrupted and visible for a period of ten (10) years, a presumption arises that such use is adverse and the burden of showing the use to be permissive shifts to he (sic) who would oppose the establishment of an easement. Dalton v. Johnson, 320 S.W.2d 569 (Mo.1959); Bridle Trail Association v. O'Shanick, 290 S.W.2d 401 (Mo.App., 1956); and City of Caruthersville v. Cantrell et al., 230 S.W.2d 160 (Mo.App., 1950)."

By its judgment, the court found in favor of defendants on plaintiff's Count One for injunction. On plaintiffs' Count Two, to quiet title, the court decreed that plaintiffs were the owners of Lot 6 in Block 2 of Ramona Heights, but that the

15′ x 25′ tract in the southeast corner was "subject to an easement of access and way in favor of defendants Adams and the public in general." On Count One of defendants Adams' counterclaim, requesting an injunction against interference with their use of the disputed property, the court enjoined plaintiffs from obstructing or otherwise blocking or interfering with the use by the public in general and defendants Adams of the disputed tract.

On Count Two of defendants Adams' counterclaim, for establishment of an easement in their favor over the disputed tract, or in the alternative for declaration that the area is a public street, and on Counts One and Three of the Village of Bel-Ridge's counterclaim [to enjoin interference with use of the area as a public street and to decree an easement across the area for a public street, respectively], the court decreed "that defendants Adams have an easement of access and way over and upon the property" in dispute.

The court further, according to the transcript, entered judgment for plaintiffs "on Count Three of the counter-claim of the Village of Bel Ridge." We assume that the reference was intended to be to Count Two of the counterclaim of Bel-Ridge. That count sought judgment declaring title in the disputed area to be vested in the village as a public street. No reference to Count Two appears in the judgment, and a judgment denying the city's claim of title would be consistent with the quiet title judgment, entered in response to plaintiffs' petition.

On this appeal, plaintiffs contend that the judgment of the trial court was erroneous because "defendants and intervenor failed to show that the area in question was a public street thereby precluding plaintiffs from barring anyone from using said street." The difficulty with this point is that it does not point out any error on the part of the trial court, because the trial court did not hold that the area in question was a public street. In response to

both the Adamses' and the village's prayers for a declaration that the area was a public street, the trial court found merely that the Adamses had an easement of way and access. True, in response to plaintiffs' quiet title prayer, the trial court also found an "easement of access and way in favor of * * * and the public in general" across the disputed tract. No attack is made on such finding and judgment.

■ Even if the decree be considered, in effect, as establishing an easement for a public street, the appellants' objection to such a declaration is without merit. Their objection is based primarily upon a claimed lack of proof that public funds had been expended on the area for ten years or more. According to appellants, § 228.190, RSMo 1959, V.A.M.S., would prevent the establishment of an easement for a public street in the absence of such proof. The difficulty with appellants' position is that § 228.190 applies to public *roads,* not to streets and alleys. The section has, throughout its history, been a part of the state's road laws. See State v. Kitchen, 205 Mo.App. 31, 216 S.W. 981, 982. "There can be no doubt the Legislature has provided laws for streets and alleys separate and distinct from the general road laws." Evans v. Andres, 226 Mo.App. 63, 42 S.W. 2d 32, 35[9]. Although we find no case which has expressly held § 228.190 inapplicable insofar as establishment of easements for municipal streets by prescription is concerned, the cases of Terry v. City of Independence, Mo.Sup., 388 S.W.2d 769, and City of Caruthersville v. Cantrell, Mo. App., 230 S.W.2d 160, both held that easements for such purpose may be created in accordance with the criteria of cases involving the establishment of interests in real estate under the 10-year statute of limitations. § 516.010, RSMo 1959, V.A.M. S. Neither referred to § 228.190. See also Winschel v. County of St. Louis, Mo.Sup., 352 S.W.2d 652.

■ Insofar as the sufficiency of the evidence is concerned, it was shown that

the area in question had been covered with an asphalt surface since "the early 40's." After the Village of Bel-Ridge was incorporated in 1948, the village street department sealed the surface in 1954 and black-topped the area in 1962. The evidence showed that throughout the entire period the area had been generally used and considered as part of Werder Avenue. There was no evidence of interruption of the use during that time. There was some testimony that Mrs. Miller, a predecessor in title of plaintiffs, placed some sort of obstructions in the area in 1957, but they did not prevent its use. Mrs. Miller did not testify and the basis of her action does not appear. The evidence clearly showed the character of dominion and use sufficient to establish an easement by prescription. Terry v. City of Independence, Mo. Sup., 388 S.W.2d 769. There was no evidence that the initial use was permissive, a fact which plaintiffs would have been required to establish in view of the evidence of the open and continuous use beyond the period of prescription. Dalton v. Johnson, Mo.Sup., 320 S.W.2d 569, 573 [3–6]; Bridle Trail Association v. O'Shanick, Mo.App., 290 S.W.2d 401, 405–406 [7, 8].

■ We agree with appellants that the trial court's judgment of an easement in favor of the individual defendants was not authorized. Mr. Adams testified that he "figured" that the area in question "was a street belonging to the Village." His use of the area under such an assumption was, therefore, neither exclusive nor under individual claim of right. No claim of individual right of easement by prescription may arise by virtue of such use by the defendants. 17A Am.Jur., Easements, § 82, p. 698.

■ The trial court found that it was "necessary" for the defendants to cross the area in order to have access to the present garage and driveway maintained by defendants Adams on their property. However, there is no basis for declaration of a right of way by necessity. The record does not disclose a common source of title of plaintiffs and defendants. Pendleton v. Gundaker, Mo.Sup., 381 S.W.2d 849, 850 [1–3]; 17A Am.Jur., Easements, § 72, p. 884.

■ This being an equity case, we, on this appeal, review the matter de novo, and are authorized to direct the entry of such judgment as should have been rendered. Brugioni v. Maryland Casualty Co., Mo. Sup., 382 S.W.2d 707, 713[9]. As we mentioned above, appellants have not attacked the judgment on the grounds that it orders an easement in favor of the public generally. However, "the general public, considered apart from legally organized or political entities, is incapable of receiving a grant and hence cannot acquire a prescriptive easement." 17A Am.Jur., Easements, § 68, p. 680; 28 C.J.S. Easements § 8, p. 643. Inasmuch as plaintiffs here have briefed the matter on the basis that the trial court's decree established an easement for a public street, and inasmuch as we have concluded that the evidence was, under the law, sufficient to establish an easement by prescription for a public street of the Village of Bel-Ridge, the judgment should be amended so to declare.

The judgment heretofore entered is set aside, and the cause remanded with directions to enter a new judgment, as follows:

a. On Count One of plaintiffs' petition, in favor of defendants.

b. On Count Two of plaintiffs' petition, declaring that plaintiffs are the owners of the property described in Paragraph 1 of the trial court's Findings of Fact, but that a part of said property, as described in Paragraph 2 of said Findings of Fact, is subject to an easement for a public street in favor of the Village of Bel-Ridge.

c. On Counts One and Two of defendants Adams' counterclaim, in favor of plaintiffs.

d. On Count Three of the Village of Bel-Ridge's counterclaim, declaring that the Village of Bel-Ridge has an easement for a public street across the land described in Paragraph 2 of said Findings of Fact.

e. On Count One of the Village of Bel-Ridge's counterclaim, enjoining plaintiffs from interfering with the use as a public street of the property described in Paragraph 2 of said Findings of Fact.

f. On Count Two of the Village of Bel-Ridge's counterclaim, in favor of plaintiffs.

g. Assessing costs against plaintiffs.

HOUSER and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.