**Walter DRYDALE and Alice Drydale, Respondents,**

v.

**Paul KISER and Anna Kiser, Appellants.**

**No. 52261.**

Supreme Court of Missouri, Division No. 2.

April 10, 1967.

E. L. Bartram, Maryville, Alden S. Lance, Savannah, for appellants.

Joe Beavers, Larry L. Zahnd, Dick Thomson Beavers, Zahnd & Thomson, Maryville, for respondents.

BARRETT, Commissioner.

This is a suit, brother against sister, to establish a public road from the brother's house on a south 80 acres across the sister's north 80 acres and to enjoin the road's obstruction. The trial court entered a decree adjudging "a legally established public road" and the defendant sister and her husband, now tenants by the entirety of the north 80 acres, have appealed and since the judgment establishes a public road the appeal involves the title to real estate (Const.Mo. Art. 5, Sec. 3, V.A.M.S.) and this court has jurisdiction of the cause. Chapman v. Schearf, Mo.App., 220 S.W.2d 757.

The trial court's decree is based in part upon a consideration and finding of a public road "by prescription" (Bridle Trail Association v. O'Shanick, Mo.App., 290 S.W.2d 401) but the case was not tried on that theory, and there was in fact no pleading or proof to support a road upon that basis. Cook v. Bolin, Mo.App., 296 S.W.2d 181; Gover v. Cleveland, Mo.App., 299 S.W.2d 239. This, however, was a court-tried case, if not in fact an equity action, the review is anew (Civil Rules 73.01, 83.13, V.A.M.R.) and if there is any supported theory the judgment of necessity should be affirmed. Mueller v. Larison, Mo., 355 S.W.2d 5; Marshall v. Callahan, 241 Mo.App. 363, 229 S.W.2d 730. In addition to their pleadings, plaintiffs' counsel in his opening statement explicitly informed the court that the action "is brought under the section of the statute, Missouri Revised Statutes (1959), 228.190 [V.A.M.S.], as amended in 1953, and especially that part thereof that provides that all roads that have been used by the public for ten years continuously, and upon which there shall have been expended public money or labor for such period, shall be deemed legally established roads." Furthermore, as stated, all the proof was upon the theory of the applicability of the statute, "and all roads that have been used as such by the public for ten years continuously, and upon which there shall have been expended public money or labor for such period, shall be deemed legally established roads" (RSMo 1959, Supp. § 228.190, V.A.M.S.), and the

question for decision is whether the record supports the theory and thus the judgment. In this view "prescriptive easement" or "private way" are not involved, neither is common law or implied dedication an issue, nor under the statute is it material that this road may have had its inception during the possession of a life tenant mother while the appellant sister was yet a remainder-man. 33 Am.Jur. (Life Estates, Remainders) §§ 187–188, pp. 659–663.

George Drydale who died in 1940 owned "three eighties," 240 acres of land, five miles southwest of Barnard in White Cloud Township in Nodaway County. George and his wife Sylvina and their children lived on the east eighty which came to be known as the "home place" because all the improvements were on that tract. He, together with his sons, farmed all three tracts of land. The other two eighties, lying north and south, were west of the home eighty and before George's death the plaintiff Walter was living on the south eighty and on its north end a home and improvements had been constructed. The south eighty fronts on a county road but there was no lane or access from Walter's home to that road. In those days, prior to 1943, egress and ingress from the south eighty and Walter's home was along the fence rows and open fields of the "home place" to a county road on the east. George Drydale died in November 1940 and his widow, Sylvina, came into possession of all three eighties, as a life tenant, renting the land to her children, chiefly Walter and Harry. This situation continued until October 2, 1948, when Sylvina died and, under George's will, the appellant Anna came into possession and title of the unimproved north eighty, Walter the south eighty and Harry the east eighty or the home place. And for the first two years 1949 and 1950, Anna and Paul Kiser, although married in 1927, rented the north eighty to Walter and Harry. Since 1950, however, Anna and Paul have acquired another adjoining eighty and have farmed the north eighty

through which the disputed road runs, terminating at an intersecting county road.

 The proof shows that during Sylvina's life tenancy Walter's means of egress and ingress either across the home place, Harry's eighty, or across his own land fell into disrepair, became impassable or as to his own eighty nonexistent. In 1943, perhaps at Sylvina's instigation, a road from Walter's home across and almost through the middle of Anna's north eighty was constructed, prior to that time there had been no road through her land. According to the plaintiffs' proof the road is eighteen to twenty feet wide for its entire length of a half-mile, while according to the defendants' proof the road was but seven or eight feet wide and was not even a good "cowpath" which ended at Walter's hog lot. While there was no proof of official board action, Walter has been on the board part of the time, the road was "graded up," ditched and constructed by White Cloud Township employees using township graders and tractors. A township employee for 36 years testified that in 1943 he using township equipment helped construct the road. Some trees were removed, ditches graded and the road built, this employee said on orders of the township board. The road was almost straight and in 1950 the location of the north end of the road was changed to conform to the terrain and Paul Kiser said that he "guessed" that he did it, "I supervised it." And on that occasion the grading was done by a township employee using township equipment. The fence was moved and on another occasion Paul bought and he and Walter installed a "tube" in a low place. It is not necessary to detail all the proof, no permission was asked, given or refused, over the years from 1943 to 1965 when Walter and Paul "fell out" over another road matter and Paul fenced and closed the road at both ends, the road was used by school buses, delivery men, workmen and everyone having business with Walter Drydale, his family or his farm. And the road was maintained, snow removed and ditches

opened, by township employees using township equipment, no one paid the township for the use of either its employees or its equipment, the employees simply did whatever was required at the time to keep the road open and usable. All the circumstances have not been detailed but the evidence here is unlike Sellers v. Swehla, Mo.App., 253 S.W.2d 847 (and see Sellers v. Swehla, Mo., 261 S.W.2d 26) in which there was a failure of proof as to both public user or public expenditure, or Jenkins v. German, Mo.App., 298 S.W.2d 486, in which there was public use but a failure of proof of expenditure of public funds. The evidence here, indeed all the circumstances are fairly comparable to and are governed by Wann v. Gruner, Mo., 251 S.W.2d 57, State ex rel. Carter County v. Lewis, Mo. App., 294 S.W.2d 954; Leslie v. Mathewson, Mo.App., 257 S.W.2d 394 and State v. Kitchen, 205 Mo.App. 31, 216 S.W. 981. In Leslie v. Mathewson, and particularly in State v. Lewis, the roads were far less than 30 feet wide—"[a]ll public roads in this state which hereafter may be established shall not be less than thirty feet in width," RSMo 1959, § 229.010, V.A.M.S. The point was not made in those cases as it is here that "no public road can be less than 30 feet in width" but the appellants only cite the statute and that is not in itself sufficient to demonstrate that a public road created under the statute involved here, § 228.190, is invalid merely because its dimensions do not meet the standard. As indicated, the court's decree is supported upon this theory and upon this record this court cannot make a contrary finding and therefore the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.