John SWAGER, Plaintiff-Respondent,

v.

Walter VOGT, Defendant-Appellant.

No. 25025.

Kansas City Court of Appeals.

Missouri.

Dec. 2, 1968.

Harold A. Kyser, Harold L. Caskey, Butler, for appellant.

Ralph E. Smith, Butler, for respondent.

MORGAN, Judge.

This action for fraud appears to be one of those cases occasionally encountered by lawyers wherein there was a desire to litigate the "principle of the thing."

On November 10, 1966, plaintiff drove his automobile into the rear of defendant's parked 1966 Chevrolet Caprice. Based upon a written damage estimate of the Guthrie Motor Company for $501.63, plaintiff on November 12 paid this amount to defendant. At the time of this compromise settlement, defendant gave plaintiff a release which provided, "This will release Mr. John Swager (plaintiff) for current or all other damages done on my car." Later plaintiff initiated this action alleging fraud in that the estimate upon which the settlement had been based was "* * * false and untrue in that defendant had obtained a prior estimate from Guthrie Motor Company, or its authorized agent, in the sum of $296.54 and that said estimate submitted by the defendant to the plaintiff was not in truth and in fact the true estimate of repair."

This cause was tried to the court and judgment was entered in favor of plaintiff for $161.10 actual damage and $250.00 as punitive damages. Our review is governed by Civil Rule 73.01(d), V.A.M.R.

The evidence shows the following sequence of events. On the date of the accident, defendant's automobile was towed to the motor company. Its body man.

Vernon Cox, usually prepared their estimates. He filled in the formal portion of the estimate form, including the correct date of November 10, but did not examine the automobile. This must have been a normal practice as it is not suggested defendant requested such action. In any event, Mr. Cox went deer hunting. On November 12 the defendant did request an estimate from the company. It was prepared by its parts man, John Westcott, in the amount of $501.63, and was used in the settlement on the same date. When Mr. Cox returned from hunting, and apparently without knowledge of Westcott's estimate, he prepared another estimate of the repairs in the amount of $296.54. Unfortunately, he completed the original form he had started and had dated November 10. While in the garage on November 14, plaintiff asked to see a copy of the estimate and by chance was given a copy of that made after the settlement date but dated prior to that date. This suit resulted.

It is readily apparent that plaintiff's allegation defendant had concealed the smaller estimate (dated November 10) is in error simply because it was not made until after the settlement of November 12. Next we look to the trial court's finding of facts to ascertain the means by which defendant had perpetrated a fraud on plaintiff. Such findings do not mention the smaller estimate and relate only to the larger estimate upon which settlement had been made. The trial court found the parties had agreed to act upon an estimate to be obtained by defendant; that defendant had a right to rely on the estimate of the parts man (Westcott); but, that the inclusion of transmission repairs was brought about by defendant. The latter was found to be a legal fraud on plaintiff.

██ Defendant contends that the judgment of the trial court is in error because it is premised on a different theory and state of facts than that alleged in the petition, i. e., a finding defendant had

fraudulently encouraged the "padding" of the higher estimate instead of concealing the lesser estimate as pleaded. This argument is based on the established rule that a plaintiff having alleged certain and definite misrepresentations must prove substantially those alleged. McCauley v. Smith, Mo.App., 146 S.W.2d 639, 643. However, giving the quoted portion of the petition every possible intendment consistent with the trial court's finding, we look to the evidence to determine if, in fact, the theory adopted was proven. Drydale v. Kiser, Mo., 413 S.W.2d 506, 507.

Mr. Westcott, called by plaintiff, was asked on cross-examination the direct question—" * * * did Mr. Vogt ask you to pad the estimate or to make it fraudulent in any way?" He answered, "No, sir." Other testimony by him indicated defendant had "suggested there might be" damage to the transmission. After inquiry of the shop foreman, and in reliance somewhat on his opinion, Westcott included transmission work in the estimate. We do not believe the apprehension of the owner of a practically new and current model automobile that it might have some damage to the transmission, after being struck violently in the rear, is indicative of anything more than the concern of a normal person. Westcott had prepared other estimates in the past, and we agree with the trial court's finding that defendant had a right to rely on him.

██ We find nothing in other testimony to contradict the direct answer of Westcott that defendant did not affect the amount of the estimate. We do not set it out with particularity because it fails to establish a reasonable inference the larger estimate was not, as he said, "honest and fair." Fraud is never presumed but must be proven. Creating a mere suspicion does not meet this burden of proof, for, " * * * if the facts shown are consistent as well with honesty as with fraud, the transaction should be held honest." Bolten v. Colburn, Mo.App., 389 S.W.2d

384, 390; Williams v. Miller Pontiac Co., Mo.App., 409 S.W.2d 275.

No fraud being shown, there could have been no malice to sustain the allowance of punitive damages. Since all participants testified, we find nothing indicating further proof could be developed at a new trial.

The judgment is reversed.

All concur.