**Alfred L. ABNEY and Dosha M. Abney, Plaintiffs-Appellants,**

v.

**John TURNBOUGH and Nettie Turnbough, Defendants-Respondents.**

**No. 54307.**

Supreme Court of Missouri, Division No. 2.

March 9, 1970.

Frank G. Mack, Ironton, for plaintiffs-appellants.

Samuel Richeson, Nicholas G. Gasaway, Dearing, Richeson, Roberts & Wegmann, Hillsboro, for defendants-respondents.

FINCH, Judge.

This is an appeal from a decree denying injunctive relief to plaintiffs. They appealed to this court, but we have no jurisdiction and must transfer this case to the St. Louis Court of Appeals.

Plaintiffs' petition alleges that defendants previously established a road across their property and that subsequently the road was maintained by the county and used by the public. The petition further alleges that beginning about February 27, 1968, defendants barricaded the road and prevented ingress and egress thereon by plaintiffs and the general public. The prayer of the petition asked for an injunction against defendants from interference

with the use of said road by plaintiffs. Defendants' answer was a general denial of most of the allegations of the petition.

Plaintiffs assert that we have jurisdiction under Art. V, § 3, of the Constitution of Missouri, 1945, V.A.M.S., which provides that, "The supreme court shall have exclusive appellate jurisdiction in all cases * * * involving title to real estate * *."

 The determination of whether particular cases have involved title to real estate so as to vest appellate jurisdiction in the Supreme Court has presented some problems for the courts. See "Missouri Appellate Jurisdiction," Washington University Law Quarterly, December 1964, and particularly Chapter 5 thereof beginning at page 534. However, it seems rather clear that this court has applied the general rule that actions seeking only injunctive relief do not involve title to real estate. State ex rel. and to Use of Northside Church of God v. Church of God, Mo., 243 S.W.2d 308; Mueller v. Klinhart, Mo., 164 S.W.2d 928; Dillard v. Sanderson, 282 Mo. 436, 222 S.W. 766; Burnett v. Sladek, Mo.App., 251 S.W.2d 397; Washington University Law Quarterly, December 1964, 1. c. 578. The reasoning upon which this conclusion has been reached has been that the suit seeks only a decree prohibiting action by defendants, does not seek adjudication of title to real estate, and title actually is not adjudicated by the court.

Plaintiffs, in support of asserted jurisdiction in this court, rely on Chapman v. Schearf, Mo.App., 220 S.W.2d 757, transf. 360 Mo. 551, 229 S.W.2d 552, and Drydale v. Kiser, Mo., 413 S.W.2d 506. In Chapman the petition sought to establish a right of easement in the public across defendants' property, and asked that title to said roadway be quieted. Incidental thereto, plaintiffs sought injunctive relief. On the basis that the court was asked to and did determine title, both the St. Louis Court of Appeals and this court held that title to real estate was involved and that jurisdiction was in the Supreme Court. In Drydale the petition sought to establish a road across the lands of defendants and a decree adjudicated a legally established road. Citing Chapman, this court held that it had jurisdiction.

 The present appeal differs from Chapman and Drydale in that the sole and only relief sought was injunctive relief. The decree entered did not purport to quiet title. On the basis of previous cases involving only the matter of the granting or refusal of injunctive relief, we conclude that we have no jurisdiction. Accordingly, this case is ordered transferred to the St. Louis Court of Appeals.

All of the Judges concur.