**Martin Leon BLOOD, et ux.,
Plaintiffs-Appellants,**

v.

**CITY OF JOPLIN, Missouri, A
Municipal Corporation,
Defendant-Respondent.**

**No. 12176.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 18, 1981.

Jerry L. Holcomb, John M. Garrity, Legal Aid of Western Missouri, Joplin, for plaintiffs-appellants.

George C. Baldridge, City Atty., Joplin, for defendant-respondent.

BILLINGS, Judge.

Suit by plaintiffs Martin Leon Blood and Anne Belle Blood, husband and wife, to quiet the title to a roadway across their property. Defendant City of Joplin claimed it had an easement by prescription for a public street. The trial court entered judgment in favor of the City of Joplin and plaintiffs appealed. As hereinafter modified, the judgment is affirmed.

In 1978 plaintiffs purchased Lot 7 and Miscellaneous Tract 11, Jones Addition to the City of Joplin. The deed conveying the property expressly excepted "any part taken or deeded for road purposes." At the time, there existed a graveled roadway approximately 28 feet in width and 90 feet in length which cut across the southwest corner of Miscellaneous Tract 11. Thereafter, plaintiffs placed barricades across the road and filed this suit.

The evidence was substantial and overwhelming that the roadway had been used by the traveling public for many years, one witness recalling its existence as far back as 1946. Aerial photographs showed the existence of the road in 1960 and 1968. There was an abundance of evidence that the general public had continuously used the road for more than 25 years and the city had graded and graveled the road regularly since it came into being. Additionally, the city's graders had cut ditches along the road to handle rainfall and had cut down an approach where the road intersected with another. Witness after witness testified as to the public's use of the road and that they had considered it to be a public road.

"The evidence clearly showed the character of dominion and use sufficient to establish an easement by prescription. *Terry v. City of Independence*, Mo., 388 S.W.2d 769. There was no evidence that the initial use was permissive, a fact which plaintiffs would have been required to establish in view of the evidence of the open and continuous use beyond the period of prescription." [citations omitted] *Rosemann v. Adams*, 398 S.W.2d 855, 858 (Mo.1966).

"But not only was the strip of land involved here used by the traveling public as a street for more than ten years, the city took possession of the traveled area, expended public funds in its upkeep, graded it, oiled it and exercised dominion over it. These facts are sufficient to show that the roadway in question is one for public use by dedication and by the acceptance and use of the public, or one by prescription from use for a long period of time by the public acquiesced in by the owners, or one by limitation from adverse user on the part of the public; in either event for such period of time that plaintiff and his grantors are now estopped to deny its character as a public road.'" [citations omitted] *Terry v. City of Independence*, 388 S.W.2d 769, 773 (Mo. 1965).

In view of the evidence and the foregoing authorities, we have no difficulty in affirming the trial court's ruling that the defend-

ant City of Joplin has a prescriptive easement for a public street across plaintiffs' property. However, the judgment entered by the trial court found all of the issues in plaintiffs' amended petition against the plaintiffs and in favor of the defendant. The amended petition described both Lot 7 and Miscellaneous Tract 11 and particularly described the roadway. The judgment of the trial court is modified as follows: Plaintiffs are the owners of the property described in their amended petition but that part of Miscellaneous Tract 11, as described in Paragraph 2 of said amended petition, is subject to an easement for a public street in favor of the City of Joplin.

As modified, the judgment is affirmed.

PREWITT, P. J., MAUS, C. J., and HOGAN, J., concur.