**Tibbie Zucker HORVATH, et al.,
Plaintiffs-Appellants,**

v.

**CITY OF RICHMOND HEIGHTS, Missouri, et al., Defendants-Respondents.**

No. 47649.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 29, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 12, 1984.

Application to Transfer Denied
Sept. 11, 1984.

J.B. Carter, Clayton, for plaintiffs-appellants.

Armstrong, Teasdale, Kramer & Vaughan, Donald U. Beimdiek, Byron E. Francis, St. Louis, for defendants-respondents.

CRIST, Presiding Judge.

Action by respondent (City) to quiet title to a 22.5 foot wide strip of land gained by adverse possession for more than ten years pursuant to § 516.010, RSMo 1978. The trial court declared the strip to be a public alley, and found city liable to maintain it as a public alley or street. We affirm.

Appellants (lot owners) are the title holders to lots one through fourteen of West Hi-Pointe Subdivision, in Richmond Heights. These lots are located with Clayton Road on the north, Oakland Avenue on the south, Bellevue Avenue on the east, and Highland Terrace on the west. They front on Clayton Road. The strip in question runs along the south edge of the lots, next to Oakland Avenue. It is composed of a 7.5 foot "park strip" at the extreme south edge, and a 15-foot alley between the "park strip" and the remainder of the lots. It was originally platted as a private alley "for the exclusive use and benefit of the lot owners."

Lot owners initially filed suit against city and others for inverse condemnation and

damages sustained by lot owners due to and during the construction of St. Louis Eye Foundation and Bellevue Medical Center. City counterclaimed to quiet title. The counterclaim was severed, tried without a jury, and judgment rendered for city. This judgment was denominated a final, appealable judgment under Rule 81.06. Lot owners appeal. We must affirm unless the judgment is unsupported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. The trial court determines the credibility of the witnesses, and he may accept or reject in whole or in part, their testimony. *Beiser v. Hensic,* 655 S.W.2d 660, 661 (Mo.App.1983).

 The public may acquire a prescriptive right to use a formerly private road by "adverse, open, notorious, uninterrupted and exclusive use of the land for a period of at least ten years under a claim of public right, and with the knowledge and acquiescence of the abutting ... owners. (citations omitted)" *City of Caruthersville v. Cantrell,* 230 S.W.2d 160, 165 (Mo. App.1950). Proof of open, notorious, continuous and uninterrupted use of a road for more than ten years raises the presumption the use was adverse and under a claim of right. *Sears v. Norman,* 543 S.W.2d 300, 305 (Mo.App.1976). The burden then shifts to the title holder to show the use was permissive, by virtue of a "license, indulgence or agreement inconsistent with the claim of right." *Kirn v. Oehlert,* 625 S.W.2d 921, 922 (Mo.App.1981); *Blood v. City of Joplin,* 626 S.W.2d 659, 660 (Mo. App.1981).

The alley had regularly and uninterruptedly been used by the public as a through street between Bellevue Avenue and Highland Terrace for more than 30 years, possibly due to the inadequate condition of Oakland Avenue. No evidence showing any grant of a license or permission to use the alley was presented. The city generally treated it as a public alley, using it for police patrol and garbage collection. The bulk of the maintenance was performed by the city at public expense. The city once paved or resurfaced the alley.

The evidence, viewed in a light favorable to the judgment, shows the open, notorious, continuous and uninterrupted public use of the 22.5 foot strip along the south edge of the fourteen lots for a period of time longer than the ten years the statute requires. Section 516.010 RSMo 1978. Lot owners failed to show such use was permissive. Therefore, there is substantial evidence to support the judgment.

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.