THE STATE OF MISSOURI, Respondent, v. JAMES D. FRANKLIN, Appellant.

Kansas City Court of Appeals, October 15, 1908.

1. MUNICIPAL CORPORATIONS: Highway: Purpresture: Abatement: State's Visitorial Power. While a municipality has supervision of its streets and the regulation of livery stables therein, such authority does not vest the right to maintain obstructions or suffer nuisances therein by private persons; and under its visitorial power, the State, through its law officer, may maintain proceeding in equity to abate the nuisance and prevent the perversion of the municipality's trust.

2. ————: ————: ————: State's Visitorial Power: Parties. The neglect of a municipality to proceed to the abatement of a nuisance in its streets justifies an action by the State, but the municipality is not a necessary party; and the fact that the service was insufficient and the judgment against the municipality void, will not vitiate a decree against the private individual who is maintaining a nuisance in the street with the connivance of the municipality.

Appeal from Osage Circuit Court.—*Hon. William Davidson*, Judge.

AFFIRMED.

*J. W. Vosholl, W. S. Pope* and *W. L. Vaughan* for appellants.

(1) The court erred in making an order affecting the rights of the town of Linn, and in entering judgment against it for costs. It was not before the court. The improvements on the lot in question could not be torn down without affecting the rights of the town of Linn.

The court had no right to order the improvements torn
down without having both of the defendants before the
court. Baker v. McDaniel, 178, Mo. 1. c. 471. (2) Linn,
being an incorporated village, has exclusive jurisdiction
over its public thoroughfares. R. S. 1899, chap. 91,
art. 6; R. S. 1899, secs. 6004, 6010, 6012, 6015, 6016,
9549, 9550; State ex rel. v. Hegee, 39 Mo. App. 49.
(3) Section 9674, Revised Statutes 1899, prescribes
the penalty for obstructing public roads, and the pro-
cedure under which the same are enforced. (4) The
plaintiff is not a proper complainant or plaintiff in an
information or proceeding to open a public road or
remove an obstruction thereon, or abate a nuisance
thereabout in the manner and form of this proceeding,
or under the allegations made in the information in
this case. This is not a criminal case, nor an action
to enforce a criminal statute. If an action of this
nature would lie, it would be in favor of the town of
Linn, as the highway obstructed is within the corporate
limits of that town. The power to regulate infractions
of the kind complained of in the information is vested
in the board of trustees of the town. R. S. 1899, secs.
6005, 6010, 6016. (5) This suit seeks to remove val-
uable structures, as being a nuisance, and there are
no allegations in the petition that would authorize a
court to do so, even if all the interested parties were
before the court. It is nowhere alleged that the stable
is kept in a foul or filthy condition, or that any of
the premises were in such condition as to create a public
nuisance. Bank v. Kennet Estate, 101 Mo. App. 395;
Danker v. Goodwin Mfg. Co., 102 Mo. App. 723.

*John P. Peters*, Prosecuting Attorney, for respond-
ent; *Gove & Davidson* and *Monroe & Zevely* of counsel.

(1) The improvements can be torn down without
injury to the town of Linn, it having no interest therein.
In the first place, the town of Linn did not act so as to

prevent the said obstructions and afterwards refused to cause them to be removed. The petition must be liberally construed in favor of the pleader, and, taking it as a whole, it shows on its face the town of Linn has no interest in the improvements; therefore, the case of Baker v. McDaniel, 178 Mo. 471, cited by appellant, has no application. (2) The State of Missouri, under the pleading, is a proper party to an action of this kind. R. S. 1899, sec. 6130; State ex rel. v. Vandalia, 119 Mo. App. 406. The town of Linn holds county public roads in trust for the people where such roads enter and pass through the town. Walker v. Point Pleasant, 49 Mo. App. 244. (3) It is not necessary that buildings on public highway should be kept foul or in a filthy condition to make them a nuisance; the fact that it is upon the highway makes it, *per se,* a public nuisance. The State has its right of action, as it is now pursuing, notwithstanding its remedy by criminal prosecution. R. S. 1899, sec. 6130; State ex rel. v. Vandalia, 119 Mo. App. 406. (4) The judgment of the trial court is good against the appellant, notwithstanding the fact it may be void as against the town of Linn. The petition charges the town of Linn to be a wrongdoer from the fact that it stood by, allowed and permitted (by reason of non-action on its part) appellant to obstruct and maintain a nuisance on the Linn and Richfountain public road within the corporate limits of said town of Linn. The town of Linn is not a necessary party, and a judgment as to it may be reversed, and as to appellant it may, and ought, to be affirmed. Stotler v. Railroad, 200 Mo. 149; Dickman v. Schurtman, 28 Mo. 141; Neeman v. St. Joseph, 126 Mo. 94. (5) The pleading must be liberally construed with a view to substantial justice between the parties. See v. Cox, 16 Mo. 166; Webber v. Hannibal, 83 Mo. 262; Gunther v. Ayoler, 92 Mo. App. 161. The pleading should be taken in its ordinary meaning, and such interpretation given it as

fairly appears to have been intended by the pleader.
Stillwell v. Hamm, 97 Mo. 597; Hood v. Nicholson, 137
Mo. 400; Hickory County v. Fugate, 143 Mo. 71; Roy
v. Botler, 40 Mo. App. 213; Bricker v. Stone, 47 Mo.
App. 530; Warnick v. Baker, 42 Mo. App. 439. The
construction given should be most favorable to the
pleader. Stillwell v. Hamm, 97 Mo. 579; Price v. Min-
ing Co., 83 Mo. App. 470; Davis v. Southeastern Line,
126 Mo. 69; Roy v. Botler, supra; Bullock v. Woold-
ridge, 42 Mo. App. 356; Butts v. Long, 94 Mo. App.
687; Reubsam v. Transit Co., 108 Mo. App. 437.

JOHNSON, J.—In August, 1907, the prosecuting
attorney of Osage county brought this action against
James D. Franklin and the incorporated town of Linn,
for the purpose of obtaining an order of court on the
defendants to remove certain obstructions erected and
maintained by defendant Franklin in a public highway
and within the limits of the town. Process was issued
commanding the sheriff to summon F. J. Boillot, H.
Gove, Peter Gove, B. J. Brandt, H. C. Finck, and James
D. Franklin. The return of the sheriff shows service
on all of these persons, but the petition, summons and
return all fail to disclose that the first-mentioned five
persons sustain any relation to the suit. We are told
by the prosecuting attorney that Boillot was the chair-
man of the board of trustees of the town and that the
other four were members of the board, but that fact does
not appear on the face of the record. The town did
not appear to defend the action and judgment was
entered against it by default. Defendant Franklin ap-
peared and demurred to the petition on the grounds
that no cause of action is stated; that defendant town
is not a necessary or proper party to the suit, "the
contention being about a public county road," and that
there is "a defect of proper parties both plaintiff and
defendant and that the suit cannot be determined with

only the parties hereto before the court." The demurrer was overruled, defendant Franklin stood on the demurrer, refused to plead further and, after judgment was entered against him, in accordance with the prayer of the petition, brought the cause here by appeal. He is the only appealing defendant.

It is alleged that the suit is brought by the prosecuting attorney "who in this behalf prosecutes for the State of Missouri; that the town of Linn is incorporated under the laws of Missouri relating to the incorporation of towns and villages; that defendant Franklin owns land in the town over which passes a public highway known as the Linn and Rich Fountain public road; that Franklin has erected a stable and fences in the road where it bisects his land and thereby wholly obstructed its use as a public highway; that "the defendant, the town of Linn, aforesaid, has been notified of the obstructions aforesaid and requested to remove the same but has wholly failed so to do, and has failed and refused to institute any kind of proceedings whatever to compel the said defendant James D. Franklin to remove and abate said nuisance," and that "if the State of Missouri has no right to complain of the nuisance herein mentioned, then there is no remedy left to the public or to any private individual by which they can effect the removal of aforesaid obstructions and cause the nuisance herein complained of to be abated." The prayer is that the court make an order "directing said defendants, and each of them, to remove the obstructions aforesaid from the public highway aforesaid, and forever cease from doing any act which shall interfere with the use of said public highway by the public at large, and that said obstructions be removed by the defendants or either of them within a certain time to be named by the court, and if not so removed within the time specified by said court, then the sheriff of Osage county, Missouri, be ordered to remove the

same, and return the possession and use of said public highway to the public and for such other and further orders as the court may deem proper in the premises."

Defendant contends that an action of this character cannot be maintained for the reason that the purpresture is in an incorporated town and the town alone has jurisdiction over public thoroughfares within its boundaries, and is vested alone with the right to prosecute actions for the abatement of obstructions erected in such highways which are public nuisances. We are cited to sections 6004, 6010, 6012, 6015, 6016, 9549, 9550, 9674, Revised Statutes 1899, and to State ex rel. Mermod v. Hegee, 39 Mo. App. 49, as authority for this position. Defendant is right in saying that authority is given to the trustees of towns and villages "to open, clear, regulate, grade, pave or improve the streets and alleys of such town," and "to regulate livery, sale and feed stables," but such authority does not vest in the trustees the right to maintain obstructions or to suffer such nuisances to be maintained by private persons. The power over the public ways conferred by the laws of the State is in the nature of a trust which the municipality must execute in furtherance of the object of the trust, and where the municipality is guilty of a breach of this trust by acts either of commission or omission, the visitorial right of the State empowers it to proceed in court to correct the abuse. This it may do through the arm of the Attorney-General or of the prosecuting attorney of the county wherein the nuisance is maintained, by suit in equity, or suit brought under section 6130, Revised Statutes 1899, which provides:

"Whenever any property, real or personal, is held by any municipal corporation in a fiduciary capacity, the circuit court shall have jurisdiction upon proceedings instituted in the name of the Attorney-General or prosecuting attorney, to inquire into any breaches

of trust, fraud or negligence, and to administer the proper relief."

We strongly approve what was said on this subject by the St. Louis Court of Appeals, speaking through Judge GOODE, in State ex rel. v. Vandalia, 119 Mo. App. 406: "The Attorney-General of the State, or the prosecuting attorney of the county in which the nuisance exists, may proceed in equity in behalf of the sovereignty of the State, for its abatement. This is the rule independent of any statute touching the matter as has been adjudged in many cases. [Smith v. McDowell, 148 Ill. 51, 22 L. R. A. 393; State v. Dayton, 36 Ohio St. 434; Hunt v. Railroad, 20 Ill. App. 282; People v. Beaudry, 91 Cal. 213, 220.] We apprehend that the right of those officials to interfere, grows out of the visitorial power of the State in respect of trusts of a public nature, and that the interference is akin to the suits in equity brought by Attorney-Generals for the regulation of public charities, which are frequently met with in the reports. [Attorney-General v. Haberdasher Co., 15 Beav. 307; Parker, Atty. Commonwealth, v. May, 5 Cush. (Mass.) 336.] The usual mode of proceeding in seeking relief respecting either charities or purprestures and other nuisances, is by an information in equity; which pleading corresponds nearly to a bill in equity filed by a private suitor for his own benefit. The information is in behalf of the sovereignty of the State, to redress some grievance of which the State may complain in equity on its own account, or on account of persons or interests under its special protection; like idiots, lunatics and charities. And informations in equity are filed by the officer representing the sovereignty of the State; that is to say, the Attorney-General, or, in this commonwealth, some prosecuting attorney. This sort of information possesses most of the characteristics of a bill in equity and differs from the latter in form rather than in function. [1 Encyc.

Pl. and Pr., pp. 857, 859; Story, Eq. Pl., sec. 8; People v. Stratton, 25 Cal. 242.] Some of the formal differences between the two are pointed out in the opinions in Attorney-General v. Moliter, 26 Mich. 444, 449, and Attorney-General v. Evart B. Co., 34 Mich. 462, 472. The right of the prosecuting attorney of Audrain county to maintain the present proceeding is made clear by both ancient and modern decisions of equity courts and is supported by a statute of this State, which provides that whenever any property, real or personal, is held by a municipal corporation in a fiduciary capacity, the circuit court shall have jurisdiction of a proceeding instituted in the name of the Attorney-General or prosecuting attorney to inquire into any breaches of trust, fraud or negligence and to administer proper relief. [R. S. 1899, sec. 6130.] An inquiry into breaches of trust and fraud would naturally be conducted by a court of equity and according to equity pleading and practice. A purpresture in a highway is a grievance of sufficient importance to justify its abatement at the instance of the State. [Attorney-General v. Evart B. Co., 34 Mich. 473; State v. Dayton, Hunt v. Railroad, People v. Beaudry, supra.]"

The authority to vacate public streets found in many of the grants to municipalities has its limitations. It cannot be lawfully exercised for any but public purposes, certainly not for private gain or advantage. "The grant of power in this particular is to be construed in view of the purposes for which the municipality is invested with the control of its streets, alleys and public grounds." [Smith v. McDowell, 35 N. E. 141.] Both on reason and authority, it is quite clear that the maintenance of the obstructions in the public highway by the defendant Franklin and the neglect of the town to perform its duty to proceed for the abatement of the nuisance, justified the State in employing its visitorial power for the correction of the abuse. The petition

states a cause of action. The right to prosecute the suit either as one in equity or under the statute quoted is not affected by the provisions of section 9674, Revised Statutes 1899. While we concede the contention of the appealing defendant that the town of Linn was not legally served with process and that judgment against it was entered erroneously (Cloud v. Inhabitants of Pierce City, 86 Mo. 357), we do not share his conclusion that the judgment against him should be disturbed on that account. Since it appears from the averments of the petition, which in the present posture of the case must be accepted as true, that defendant Franklin is the owner of the obstructions, is in occupation of the street and that the only offense of the town consists in its neglect of the duty to make him vacate, we do not think the town is a necessary party to an action against the real offender. The execution of the judgment against Franklin will completely abate the nuisance without affecting any property interest or right of the town. The State is merely doing what the town should have done, and there is no reason for making the town a party.

The judgment is affirmed. All concur.