**Robert E. L. PRICHARD,
Plaintiff-Respondent,**

v.

**Edward E. HINK, Defendant-Appellant.**

**No. 10491.**

Missouri Court of Appeals,
Springfield District.

Nov. 17, 1978.

Raymond T. Huesemann, Osceola, for plaintiff-respondent.

J. D. Baker, Belisle & Baker, Osceola, for defendant-appellant.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

TITUS, Judge.

This is a case about a St. Clair County slough (also spelled slew or slue) situate in the southwest quarter of the southwest quarter of Sec. 1, Twp. 37, R. 28. The slough lies between an east-west county road to the south and the east-west Osage River to the north. Plaintiff, claiming the east boundary of his real estate was the lowest depression of the slough, brought suit to quiet title. Defendant, asserting the west bank of the slough was his west boundary line, counterclaimed. Defendant appealed after the trial court ruled "that the east line of Plaintiff's said tract begins at the intersection of said county road with the center of the lowest depression or slough . . . thence northwesterly along the center of said depression or slough to the right [south] bank of the Osage River." (We do not agree with the trial court's apparent synonymizing "depression" with "slough.")

Via the following diagram, we attempt to reproduce an illustrative exhibit of the involved area. Albeit there was testimony that the north-south distance between the county road and the river was 300 or 400 feet, the exhibit indicates the distance to be 400 feet. In the diagram, the slough is shown as the shaded area enclosed with broken lines; the solid line within the slough represents "kind of a gulley, or a cut or a wash at the bottom" thereof. Next to the road at the south end, the slough is roughly stated to be 40–60 feet wide and broadens to a width of about 280 feet where it adjoins the river.

[See following illustration.]

Plaintiff's 1969 warranty deed from Glen & Opal England conveyed: ". . . Begin in North line of County road at a point 100 feet East of West line of Southwest quarter of Southwest quarter: run thence East along North line of said road to slough; thence Northwesterly with slough to Right Bank of Osage River; thence Westerly along Right Bank of River to a point 100 feet East of West line of Southwest quarter of Southwest quarter; thence South to point of beginning, . . . containing three (3) acres, more or less."

Defendant's 1976 warranty deed from the Englands conveyed: ". . . Begin in North line of County Road . . . (482) feet East of the West line of the Southwest Quarter of the Southwest Quarter . . . : Run thence East . . . (298) feet along North line of Public Road; thence due North to Right Bank of Osage River; thence Westerly along right Bank of Osage River to West bank of slough; thence with Westerly bank of slough in a Southeasterly direction to point of beginning."

In substance, defendant's first point relied on (and the only point we need consider) is that the trial court erroneously found the slough to be a watercourse and erred in applying the law relating to watercourses designated as monuments in construing the description in plaintiff's deed.

 We do not believe the trial court necessarily declared the slough to be a watercourse. In its findings, the court simply noted that "slough" had been defined, inter alia, as a "watercourse." Where "watercourse" has been said to be synonymous with "slough" (80 C.J.S. Slough at p. 1335 and 93 C.J.S. Waters § 2, p. 595), a reading of the source for this application of terms [*Herminghaus v. Southern California Edison Co.*, 200 Cal. 81, 252 P. 607, 611[4] (1927), cert. dismissed, 275 U.S. 486, 48 S.Ct. 27, 72 L.Ed. 387 (1927)] indicates the reference to sloughs is, in fact, an allusion to

channels springing from the immediate debouchment of a river as it arrives in the plain at the lower reaches of a mountain and spreads into minor channels with characteristics of watercourses. Also see *State ex rel. Davis v. Superior Court for Cowlitz County*, 84 Wash. 252, 146 P. 609 (1915), where the slough was actually the north fork of a river which was navigable for floating logs but not in the general commercial sense. In this state to constitute a watercourse, there must usually, but not necessarily continually, be a stream flowing in a particular direction in a definite channel bounded by banks. The stream should discharge itself into some other body of water. A watercourse is more than drainage of surface water caused by rain or melting snow. Neither are sloughs to be considered as watercourses in reference to water therein which has escaped from the natural channel or banks of a nearby stream of running water by reason of a flood in the stream produced by heavy rains or melting snow. *St. Louis, Iron Mountain & Southern Ry. Co. v. Schneider*, 30 Mo. App. 620, 623–624[1] (1888); *Jones v. Wabash, St. Louis & Pac. Ry. Co.*, 18 Mo.App. 251, 257[2] (1885). "Slough" is variously defined as "backwater", "an inlet from a river", and "a place of deep mud or mire." Webster's New Collegiate Dictionary, p. 1094; Webster's New World Dictionary of the American Language, Col.Ed., p. 1374. Also in its findings, the trial court concluded from the evidence and exhibits that the slough in question "is a dry branch except when there is runoff water or backup water from the river or runoff surface water." Under this finding, with which we agree, and under the definitions, supra, the slough in this case is no watercourse. *Benson v. The Chicago & Alton Railroad Company*, 78 Mo. 504, 513–514[6] (1883). This is our opinion and conclusion in spite of what some may term as equivocation in the summary of the problems reported in *Happy v. Kenton*, 362 Mo. 1156, 1160–1161, 247 S.W.2d 698, 701 (1952).

What then is the slough in this case? In our opinion it is a natural monument. Although they may lose their distinctive character as such by removal, change or displacement, natural monuments are fixed, visible objects found on the land as they were put there by nature. *State ex rel. Albert v. Adams*, 540 S.W.2d 26, 30 (Mo. banc 1976); *Koch v. Gordon*, 231 Mo. 645, 652, 133 S.W. 609, 610 (1910); 11 C.J.S. Boundaries § 6, pp. 546–547. Natural monuments can be rocks, trees, springs, streams (11 C.J.S. Boundaries § 6, at p. 546), swamps [*Brooks v. Britt*, 15 N.C. 413 (1834)] and the kind of slough in question. A settled rule in the law of boundaries is that calls for quantity, courses, distances and the like will, in case of conflict, yield to and be controlled by one for a natural object, landmark or monument [*Houska v. Frederick*, 447 S.W.2d 514, 518 (Mo.1969); *Czarnecki v. Phillips Pipe Line Co.*, 524 S.W.2d 153, 157 (Mo.App.1975)], and if the monument has width which requires determination of the boundary of the monument, such as the slough here, the boundary is the center line of the monument. 12 Am.Jur.2d, Boundaries, § 5, pp. 550–551; 11 C.J.S. Boundaries § 5, at p. 546.

While we have determined that plaintiff's deed conveying "to slough; thence . . . with slough" was a deed with a call to a natural monument with width and hence to the center line thereof, the paucity in the testimony and the uncertainties in the evidence and exhibits makes it impossible for us to accurately determine the center line of the slough-monument. Therefore, no alternative exists but to reverse the judgment nisi and remand the cause to the circuit court from whence it came to receive additional evidence necessary for a proper decision and determination as to the center line of the slough and hence the establishment of the common boundary line between the properties of the parties.

All concur.