**John J. GERST, Plaintiff-Respondent,**

**v.**

**Robert A. FLINN and Ione A. Flinn, Defendants-Appellants.**

**Nos. 42009, 42022.**

Missouri Court of Appeals, Eastern District, Division Two.

April 14, 1981.

Jack Gallego, Troy, for defendants-appellants.

Paul F. Niedner, St. Charles, for plaintiff-respondent.

WEIER, Judge.

This is a suit that had as its major objective the quieting of title to a tract of land in Lincoln County containing 3.129 acres. The land is roughly triangular in shape with the apex of the triangle north of a base line formed by the east-west quarter section line of section 11, township 49 north, range 3 west of the fifth principal meridian. The northwestern side of the triangle runs from the base line northeast to the apex some 347 feet. The northeastern side runs from the apex irregularly along the base of a bluff southeastwardly 1,071 feet to the channel of Camp Creek. The east end of the triangle is truncated by the creek and there the boundary follows the creek south a distance of approximately 40 feet to the base line. The tract is then closed by returning westwardly on the base line.

The tract was described by the surveyor as being marsh land with a drainage problem and contains a large spring approximately 122 feet northeast of the southwest corner of the triangular tract. Along the northwest side of the triangle is a roadway that at one time had been a county road and whose maintenance had been abandoned by the county. The roadway continued to be used by those who had family members buried in a small cemetery at the top of the bluff and by those who entered the three-acre tract to gain access to a field generally described as containing 11 to 15 acres of cultivatable land owned by plaintiff.

Plaintiff's petition was in four counts. Two counts sought to quiet title in the triangular-shaped tract of land, one on the

basis of a complete chain of title and the other upon the theory of adverse possession. The other two counts of the petition concerned the old roadway that extended along the northwest side of the triangle. The first of these remaining counts sought to establish plaintiff's user rights on the basis that there had never been a complete abandonment of the roadway and the second count sought prescriptive rights through adverse user. Plaintiff prayed that title to the triangular tract be vested in him, for actual and punitive damages and for injunctive relief to restrain the defendants from maintaining a fence across the roadway together with a mandatory injunction to compel them to remove the fence. The case was tried to the court without a jury and the court decreed title in the plaintiff. It also awarded plaintiff the right to continued use of the old roadway adjacent to the northwestern line of the parcel of land for purposes of ingress and egress to the land described and ordered that defendants remove obstructions, barriers and fences erected by them preventing the use of the roadway and the removal of fences within the three-acre parcel. Defendants were also enjoined from any interference with plaintiff's possession of the land and the use of the roadway. Plaintiff's prayers for money damages were denied and costs were assessed against the defendants. From this judgment defendants have appealed with respect to the adjudication of title both on the failure to establish record title and adverse possession. Plaintiff has appealed from the judgment denying him money damages. We affirm the judgment of the trial court.

The source of the problem giving rise to this litigation lies in a warranty deed executed by Anton Bebermeier and Louisa Bebermeier to Henry Duewel executed by the Bebermeiers in 1875 wherein they conveyed the disputed land with this description:

> "All of one acre of land in the S.E. corner of the S.W. 1/4 of the N.E. qr. Sec. Eleven. Also one half acre in the South west corner of the South East fourth of the North East quarter Section Eleven in Township forty nine Range Three west, containing in all one and a half acres, be the same more or less. Said land bounded on the North by the Bluff, and on the west by the first bank beyond the Walker Hopkins Spring."

Succeeding transfers in the chain of title down to plaintiff John Gerst followed generally this description and in the last deed the description eliminated references to the specific acreage but continued with the metes and bounds description on the northerly sides of the tract.

Defendants Robert A. Flinn and Ione A. Flinn have a chain of title that commenced with the Bebermeiers and in each of the mesne conveyances from Bebermeiers down to defendants Flinn an exception was inserted as to the Duewel tract using the same description hereinabove quoted. Testimony of the surveyor and other witnesses together with aerial photographs and documentary evidence sustained the court's judgment that John J. Gerst was the owner and entitled to possession of the triangular area to which we have first referred in this opinion and which contained a total of 3.129 acres. Although the original deed from the Bebermeiers called for only 1.5 acres and this quantity of land was the amount specified in the exception found in the Flinn title, calls for quantity in a legal description will, in case of a conflict, be controlled by and yield to boundary calls for a natural object, landmark or permanent artificial monument. *State ex rel. Albert v. Adams*, 540 S.W.2d 26, 30 (Mo. banc 1976); *Czarnecki v. Phillips Pipe Line Company*, 524 S.W.2d 153, 157[5–7] (Mo.App.1975). Where a description is referenced to governmental subdivisions and natural monuments with recitals of acreage in terms of more or less, the recital of acreage will be rejected when inconsistent with the actual area conveyed by reference to governmental subdivisions and natural monuments. *Van Eaton v. Dennis*, 242 S.W.2d 21, 26[7] (Mo.1951). *See also, Prichard v. Hink*, 574 S.W.2d 30, 33[4, 5] (Mo.App.1978). Locating the quarter section line of section 11 was no problem for the surveyor. The

bluff along the north side of the land was also easily determined. The first bank beyond the spring identified as bearing the name of Walker Hopkins formed the base for the old roadway that had been used for many years. This spring and bank were also easily determined. Although some evidence as to other springs in the area was introduced, the one located by the surveyor appeared to be the major spring in the area described. The court as the trier of fact had substantial evidence upon which to base this judgment. We are, therefore, obligated to sustain the trial court's judgment. Rule 73.01; *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976). Since no findings of fact were requested or made in the present case, this court presumes that all facts were found in accordance with the result reached. *Porter v. Posey*, 592 S.W.2d 844 (Mo.App.1979).

We have determined that the trial court did not err in quieting title in the plaintiff to the 3.129 acres. It is not necessary, therefore, to rule on the defendants' point that there was no evidence that plaintiff held the disputed tract adversely to defendants.

Defendants do not direct any assignment of error on appeal to that portion of the judgment authorizing plaintiff continued use of the old county road along and adjacent to the northwestern side of the 3.129 acre parcel of land. We note, however, testimony indicated this roadway at one time had been a part of the county road system and that it had continued to be used after abandonment of further maintenance by the county for the purposes of ingress and egress to the plaintiff's tract of land. Even the defendant Robert A. Flinn testified that he had cultivated the 3.129 acre parcel as a tenant of plaintiff Gerst's predecessor in title and had used the road for purposes of ingress and egress to the tract and adjoining field. There was no indication that the county court had ever issued an order of abandonment. Once a road has been established as a public road, the public becomes vested in the right to use it. This right cannot be abandoned unless all of the public concurs. *County of Bollinger v. Ladd*, 564 S.W.2d 267[2] (Mo.App.1978). It is also true that an easement may be established by adverse use. Where the use has been open, continuous, visible and uninterrupted for a period of ten years, the burden is then cast upon the landowner to show that the use is permissive rather than adverse. *Dalton v. Johnson*, 320 S.W.2d 569, 573[3–6] (Mo.1959). Here the roadway had been used well over ten years and the fact it had been used to obtain access to the property of the plaintiff was well known by defendants and had never been disputed by them or their predecessors in title until a few years before this litigation.

Plaintiff has appealed from the judgment of the court disallowing plaintiff's claim for damages against the defendants. Plaintiff had sought to recover for the use of his land and the loss of crops that he could have grown thereon. The evidence indicated that plaintiff had access to the field where he grew crops from the new county road that adjoined his land to the south of the area in dispute. A landowner who is wrongfully prevented from planting and growing a crop and is deprived of the use of his land throughout the growing season may recover as damages the rental value of the land during that period. In fixing the rental value it is proper to consider the probable yield, the prevailing price of grain when harvested, the cost of seed, the cost of fertilizer and the cost of threshing and marketing. It is the duty of the landowner, however, to minimize his damages as far as reasonably possible. *Sullivan v. Winer*, 307 S.W.2d 704, 708[4, 5] (Mo.App. 1957). Plaintiff Gerst could have gained access to the field according to the testimony of some witnesses. The damages he proved were, therefore, conjectural and we find no error in the denial of this part of his claim for damages.

Plaintiff also contends that he should have been awarded attorney's fees, abstract costs and surveying expenses as damages. In Missouri attorney's fees are ordinarily recoverable only when authorized by statute or contract, when a court of

equity finds it necessary to award them in order to balance benefits, or when they are incurred because of involvement in collateral litigation. *Forsythe v. Starnes*, 554 S.W.2d 100, 111[21, 22] (Mo.App.1977). Other expenses incident to litigation such as the abstracters and surveying expenses ordinarily are not recoverable in damage actions. *Edwards v. Smith*, 322 S.W.2d 770, 777[8–10] (Mo.1959). We find none of the conditions existing here that would entitle plaintiff to an award of these expenses as damages.

The judgment quieting title to the land in favor of the plaintiff and favoring the unobstructed use of the old roadway is affirmed. The denial of plaintiff's claims for damages is affirmed. Costs on appeal are assessed against the defendants.

PUDLOWSKI, P. J., and GUNN, J., concur.