Steven D. Lindsey, Pros. Atty., Eminence, for plaintiff-respondent.

**COUNTY OF SHANNON,
Plaintiff-Respondent,**

v.

**Vincent MERTZLUFFT,
Defendant-Appellant.**

**No. 12255.**

Missouri Court of Appeals,
Southern District,
Division Three.

March 1, 1982.

BILLINGS, Presiding Judge.

Suit instituted by Shannon County to abate an alleged public nuisance. The trial court enjoined the defendant from obstructing an alleged public roadway. We reverse.

The petition seeking injunctive relief describes "County of Shannon" as plaintiff. It avers "Plaintiff, by and through its attorney, Steven D. Lindsey . . . ." The petition is signed "Steven D. Lindsey, Attorney for Plaintiff." An affidavit attached to the petition contains the names of three individuals and beneath their signature lines they are described, respectively, "Presiding Judge," "Northern Judge," and "Southern Judge." [1]

In *State ex rel. Thrash v. Lamb*, 237 Mo. 437, 141 S.W. 665 (banc 1911), the supreme court said:

---

1. When defendant sought to exclude the three named individuals from the courtroom under the rule on witnesses the trial judge stated they

were "parties." He further declared they "appear as members of the County Court as plaintiffs in this case." Defendant objected to testi-

"The right of the state to abate a public nuisance by proceedings in equity to enjoin is beyond dispute. In *State ex rel. [Atty. Gen.] v. Canty,* 207 Mo. 439, 105 S.W. 1078, 15 L.R.A. (N.S.) 747, 123 Am. St.Rep. 393, we accept as a correct statement of the law the following citation from 4 Pomeroy's Eq.Jur. (3d Ed.) § 1349: 'A court of equity has jurisdiction to restrain existing or threatened public nuisances by injunction, at the suit of the Attorney General of England, and at the suit of the state, or the people, or municipality, or some proper officer representing the commonwealth, in this country.'

"Section 1007, R.S. 1909 [now § 56.060, RSMo 1978] provides that prosecuting attorneys 'shall commence and prosecute all civil and criminal actions in their respective counties in which the county or state may be concerned.' "[2]

In *State ex rel. Detienne v. City of Vandalia,* 119 Mo.App. 406, 94 S.W. 1009 (1906), the court said the attorney general of the state, or the prosecuting attorney of the county in which the nuisance exists, may proceed in equity in behalf of the sovereignty of the state, for its abatement, independently of any statute touching the matter.

In *State v. Franklin,* 133 Mo.App. 486, 113 S.W. 652 (1908), the court held that the construction of a fence across a public highway constituted a nuisance and that the prosecuting attorney of the county, acting in behalf of the state, had the right to maintain the suit in equity to abate such nuisance. See: Annot., 65 A.L.R. 699 (1930).

Here, the petition alleged the defendant had erected a fence across a roadway which was alleged to be a public road. The suit was not brought in behalf of the state by the prosecuting attorney of Shannon County, acting as such.[3] The defendant challenged the standing of "County of Shannon" to seek the requested injunctive relief, but to no avail. "[I]f the prosecuting attorney acts at all ex officio, he must act for and in behalf of the state." *State ex rel. Thrash v. Lamb,* supra, 141 S.W. at 669. "[T]he matter of standing does not relate to legal capacity to sue ... but to the interest of an adversary in the subject of the suit as an antecedent to the right to relief. It is a matter, in a sense, jurisdictional in limine and so within the notice of a court ...." *State ex rel. Schneider v. Stewart,* 575 S.W.2d 904, 909 (Mo.App.1978).

Because the instant petition did not purport to be a suit brought by the prosecuting attorney of Shannon County, for and on behalf of the state, we conclude the trial court had no jurisdiction. In view of this conclusion, we do not express any views on other matters advanced in this appeal.

The decree of the trial court is reversed.

MAUS, C. J., and TITUS, J., concur.

FLANIGAN, J., not participating.

---

mony by the presiding judge because he was not listed as a witness in answer to interrogatories served by defendant. The court replied: "He is the plaintiff. He's the party plaintiff." "County Court is unauthorized to bring any civil action to determine if the road in question is a public road. If the county prosecuting attorney determines that the road in question is a public road, then acting in his official capacity, he may bring a suit to abate the obstruction across said road as a nuisance." Op.Atty.Gen. No. 78. Saunders, 2–3–54.

2. In *Lamb* the petition for an injunction to abate an alleged public nuisance was brought in the name of "State of Missouri ex rel. Roy W. Rucker, Prosecuting Attorney of Chariton County, Missouri, Plaintiff." The Court held that because the suit was brought by the prosecuting attorney for and on behalf of the state a bond was not required.

3. The cover sheet of respondent's brief herein describes Lindsey as prosecuting attorney of Shannon County.