STATE of Missouri, ex rel. CARTER COUNTY, Plaintiff-Respondent,

v.

Daniel PENNINGTON, et al., Defendants-Appellants.

No. 14482.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 2, 1986.

**780**

David G. Neal, Eminence, for defendants-appellants.

Bradshaw Smith, Van Buren, for plaintiff-respondent.

MAUS, Judge.

The defendants placed gates across a rural road where it entered and left their property of 782 acres. The road has been known by various names, such as County Road No. 11, Pike Creek Road, Five-Mile Road and the Pennington Road. The trial court found that road to be a public road and enjoined the defendants from interfering with its use.

On appeal, the defendants first contend the action was improperly brought in the name of Carter County rather than the name of the prosecuting attorney of Carter County. They cite § 56.060 and *County of*

*Shannon v. Mertzlufft,* 630 S.W.2d 238 (Mo.App.1982).

Section 56.060 in part provides: "1. Each prosecuting attorney shall commence and prosecute all civil and criminal actions in his county in which the county or state is concerned,...."

There are circumstances in which a county may properly be a party-plaintiff or a party-defendant. See *State ex rel. Town of Olivette v. American Telephone and Telegraph Company,* 273 S.W.2d 286 (Mo. 1954). Those circumstances need not be discussed. *County of Shannon* did not hold otherwise. In *County of Shannon* the court was considering the interest of the state in abating a public nuisance, an obstruction to a public roadway. That interest exists independent of statute. "The right of the state to abate a public nuisance by proceedings in equity to enjoin is beyond dispute." *State ex rel. Thrash v. Lamb,* 237 Mo. 437, 141 S.W. 665, 668 (banc 1911). The procedure to be employed in enforcing that right has been partially codified in § 56.060. *State ex rel. Detienne v. City of Vandalia,* 119 Mo.App. 406, 94 S.W. 1009 (1906). Under the statute it has been declared, "It is clear that, if the prosecuting attorney acts at all ex officio, he must act for and in behalf of the state." *State ex rel. Thrash v. Lamb,* supra, 141 S.W. at 669.

Ex rel. or ex relatione means "upon relation or information." Blacks Law Dictionary 663 (4th ed. 1968). The necessity and significance of naming a relator in an action such as this is discussed in *State ex rel. Detienne v. City of Vandalia,* supra. Also see *State v. Franklin,* 133 Mo.App. 486, 113 S.W. 652 (1908). Under the statute it has been held that an action was properly maintained in the name of the state by the prosecuting attorney on the information of an individual sustaining damage by the nuisance. *State ex rel. Detienne v. City of Vandalia,* supra. This action was not brought in the name of the county or the prosecuting attorney. It was properly instituted and maintained in the name of and on behalf of the state by the

prosecuting attorney on the information of the County of Carter. *State v. Franklin,* supra; *State ex rel. Detienne v. City of Vandalia,* supra.

■ By their next point the defendants contend the evidence is insufficient to support the judgment because county maintenance was not sufficient to keep the road reliably passable and there was no evidence to overcome the presumption the public user was permissive. Consideration of this point requires a brief condensation of the evidence which supports the judgment.

The road is in a sparsely populated and rugged part of Carter County. It is graded, but otherwise little improved. The road enters the defendants' property at the southeast corner thereof from an acknowledged county road. This is in close proximity to U.S. Highway 60 east of Fremont. The road extends northwesterly across the defendants' property two and one-half miles. It crosses Pike's Creek three times by "fords." The road leaves the defendants' property at a junction with Highway Y. Highway Y is a blacktop road that extends north and south through the area. Among other things, Highway Y connects Fremont with the area known as Midco. A detailed history of the road is not necessary. It is apparent from the record that at one time it was part of the only route to the Midco area. Illustrative of its history is the following testimony.

Q. Was it traveled all the way through the Pennington property back then?

A. [Mr. Dorris Usery] Oh, yeah; that was the only road there was to get back through there, to Midco and Mill Creek and Rogers Creek and all.

. . . .

Q. Until this road was blocked last fall, was it open to the public for those sixty-seven years?

A. [Mr. Dorris Usery] Yes, sir; for sixty-eight years, it was open up until it was blocked. That is right.

The exact location of the roadway has varied over the years. However, it is conceded it has been in the same location since 1936 or 1937. The road has served as a mail route, school bus route and a road to six residences.

In support of their second point, the defendants argue maintenance of the road was minimal, it was at times impassable, and the use of the road was slight. However, the state presented evidence that public money or labor had been expended upon the road for all but two years from 1960 to 1981, when the defendants barred the entrances. To demonstrate the use of the road, the state in its commendable brief has summarized the evidence of 50 witnesses that established their knowledge of and participation in the maintenance and use of the road for the period 1915 to 1981. The defendants have not controverted that summarization. Those uses included those set forth above, and for patrol by the sheriff and conservation agent, for moving farm machinery and heavy equipment, trips to the Midco area, hauling wood, hunting, sightseeing, horseback riding and use by three wheelers. One Charles Greene used the road 12 to 20 times per year during 1978 to 1982.

The standards by which the sufficiency of the evidence is to be measured against the defendants' first argument are well established. They have received the following expressions.

To establish a public road under the quoted statutory provision [§ 228.190], it is not necessary to prove constant expenditure of public money or labor or, for that matter, expenditure thereof 'each and every year for such 10–year period' [citing cases]; but, it is sufficient to show that the expenditure of public money or labor began and 'continued from time to time for the period of limitation, as (reasonably) might be considered necessary or expedient by those in authority' [citing cases], and that such expenditure was sufficient to maintain the road 'in substantial repair and condition for public travel.'

*Dayton Township of Cass County v. Brown,* 445 S.W.2d 322, 324 (Mo.1969).

The fact that [the disputed road] may be a great benefit to the defendant's farm and used by him and others in getting in and out therefrom does not deprive it of its public character so long as it is open for use by the public generally, and is being used by such of the public as desire or have occasion to use it; nor is its public character affected by the fact, if it be a fact, that only a few may use it. *Gilleland v. Rutt*, 63 S.W.2d 199, 202 (Mo. App.1933).

In both [*State ex rel. Carter County v.*] *Lewis* [294 S.W.2d 954 (Mo.App.1956)] and *Connell* [*v. Baker*] [458 S.W.2d 573 (Mo.App.1970)], even though travel on the disputed road had greatly diminished, the court nevertheless held that decreased travel over the road did not work an abandonment, nor affect its status as a public road so long as it was open for use by the public generally and was being used by those who desire or have occasion to use it. *County of Bollinger v. Ladd*, 564 S.W.2d 267, 270 (Mo.App.1978). The fact the road has been impassable at times is not decisive. *State ex rel. Reynolds County v. Riden*, 621 S.W.2d 366 (Mo.App.1981). The degree of maintenance required is dependent upon the character of the road.

In determining whether the evidence in this case meets the statutory standard, we take into account the fact that the evidence showed that the road in question was traveled largely by hunters and fishermen, and that it did not lead to any populous area. It would seem reasonable to say that to maintain this road in substantial repair for public travel would not require the same amount or type of labor and money that would be required to keep a heavily traveled road in substantial repair for public use. *Liberty Township of Stoddard County v. Telford*, 358 S.W.2d 842, 844 (Mo.1962).

There was evidence which the trial court could accept and upon the basis of that evidence determine that the established standards had been satisfied. Cf. *Dayton Township of Cass County v. Brown*, su-

pra; *Seaton v. Weir*, 633 S.W.2d 212 (Mo. App.1982); *State ex rel. Reynolds County v. Riden*, supra; *Arrington v. Loehr*, 619 S.W.2d 888 (Mo.App.1981).

■ Under this point, in a similar vein, the defendants urge this court to permit the road to remain closed as the result of "a balancing of the interests of the public, as represented by the County, against the rights of the Penningtons, whose rights favor the unburdened ownership of the land." They argue that the public will suffer little or no harm if the road remains closed. On the other hand, they emphasize the damage they have suffered as a result of improper use of the road. As examples they cite the dumping of trash, illegal hunting, loss of farm animals and trespassing. This court is not unappreciative of the defendants' complaints. However, the law is well settled.

When Road A became a legally established public road, long prior to 1981, the right to use it as a public highway became vested in, and inured to the benefit of, the public.... Absent vacation in a statutory proceeding under Chapter 228, that right of use could not be divested except upon abandonment of Road A for nonuser by the public for five years continuously.

*McDonald Special Road Dist. v. Pickett*, 694 S.W.2d 273, 276 (Mo.App.1985) (citation omitted). Also see *Liberty Township of Stoddard County v. Telford*, supra; *County of Bollinger v. Ladd*, supra. Cf. *Seaton v. Weir*, supra.

■ Finally, they argue a public road was not established by adverse use for more than ten years because the public use of the road was not shown to be adverse rather than permissive. That argument has been considered and rejected in *Wilson v. Sherman*, 573 S.W.2d 456 (Mo.App. 1978).

Establishment of a public road under § 228.190 is a method separate and distinct from establishment by prescription.... If the evidence is sufficient to

satisfy the requirements of that portion of § 228.190 which is under consideration here, there is no need to determine whether it meets the requirements of an alternate method for establishment of a public road.

*Id.* at 459 (citation and footnote omitted). It has been further answered. "Proof of open, notorious, continuous and uninterrupted use of a road for more than ten years raises the presumption the use was adverse and under a claim of right. *Sears v. Norman,* 543 S.W.2d 300, 305 (Mo.App. 1976)." *Horvath v. City of Richmond Heights,* 674 S.W.2d 146, 147 (Mo.App. 1984). The defendants' second point is denied.

■ By their third point the defendants contend the trial court erred in taxing the survey expenses as costs and ordering the defendants to pay one-half of the costs. They cite *Gerst v. Flinn,* 615 S.W.2d 628 (Mo.App.1981). That case holds "[o]ther expenses incident to litigation such as the abstracter's and surveying expenses ordinarily are not recoverable in damage actions." *Id.* at 632. However, in an action such as this to enjoin obstruction of a public road it has been held,

> Where the evidence leaves a description of the property uncertain, trial courts have the power to direct a survey to determine the facts necessary for a proper judgment and to tax the expense of the survey as a cost. *Hart v. T.L. Wright Lumber Co.,* 355 Mo. 397, 196 S.W.2d 272, 278 (1946); *Williams v. Pemiscot County,* 345 Mo. 415, 133 S.W.2d 417, 419 (1939); *Allen v. Smith,* 375 S.W.2d 874, 883 (Mo.App.1964).

*State ex rel. County of Shannon v. Chilton,* 626 S.W.2d 426, 429–430 (Mo.App. 1981). The county does not appeal from the order taxing one-half of the costs against it. See § 514.210. The defendants' last point is denied and the judgment is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ. concur.