ST. CHARLES COUNTY,
Missouri, Appellant,

v.

DARDENNE REALTY COMPANY, Sandra Crawford Dillard, August A. Busch, III and Clinton W. Lane, Jr., Respondents.

No. 71386.

Supreme Court of Missouri,
En Banc.

June 13, 1989.

Stephen A. Martin, County Counselor, St. Charles, for appellant.

Charles A. Seigel, Hugh McPheeters, St. Louis, Claude C. Knight, Norman C. Steimel, Paul Niedner, St. Charles, for respondents.

Roger J. Marzulla, Asst. Atty. Gen., Robert L. Klarquist, Charles J. Sheehan, Dept. of Justice, Washington, D.C., for amicus curiae.

COVINGTON, Judge.

St. Charles County filed a petition for injunctive relief against landowners, alleging four counts of public nuisance and four counts of zoning violations. The county appealed from the trial court's order granting landowners' motions to dismiss and motions for summary judgment. The Missouri Court of Appeals, Eastern District, affirmed the trial court's dismissal of the nuisance counts because of the county's lack of standing, but reversed the granting of the motions for summary judgment and remanded as to the zoning violations. This Court granted transfer. The judgment of the trial court is affirmed.

In September, 1976, the county enacted and adopted a Revised Zoning Order pursuant to Chapter 64, RSMo 1969. In November, 1978, also pursuant to Chapter 64, the county established a zoning order (Flood Plain Order) for federally designated flood plain districts. One such flood plain district encompasses the landowners' property. The Flood Plain Order provides, in pertinent part, that "[n]o person, firm or corporation shall initiate any development or substantial improvement ... without first obtaining a separate permit...."

The county filed a multi-count petition for injunctive relief. Counts one through four alleged that the landowners violated the Revised Zoning Order, as well as the Flood Plain Order, of St. Charles County by constructing, extending, converting, or altering levees without first obtaining permits. Counts five through eight alleged that the levees caused water to back up onto state highway C. As a result, the petition alleged, the highway becomes impassable, thereby creating a public nuisance.

The landowners filed motions to dismiss and motions for summary judgment based on several grounds. As one such ground, the landowners pointed to § 64.620, RSMo 1986, which provides in relevant part that the provisions of Chapter 64 "shall not be exercised so as to impose regulations or to require permits with respect to land, used or to be used for the raising of crops, orchards or forestry or with respect to the erection, maintenance, repair, alteration or extension of farm buildings or farm structures." In support, the landowners submitted affidavits attesting to the agricultural use of their property. In addition, the landowners alleged that the county had no standing to bring an action regarding state highway C since it was a state highway and state property.

The trial court agreed with the landowners, finding that the county "has no standing to bring the action to enjoin the alleged flooding of a state highway." Further, the trial judge found "that the levees ... are farm structures and no permits were or are required." The trial court dismissed all counts with prejudice.

The county alleges that the trial court erred in dismissing its petition because the county has standing to bring suit to enjoin a public nuisance on a state highway when the nuisance affects the public safety and welfare of county residents.

The trial court properly dismissed the nuisance counts. The county's petition identifies the plaintiff as "St. Charles County, Missouri; a first class county." Under certain circumstances, a local governmental unit can properly sue in its own name to enjoin a public nuisance. *See, e.g., City of Kansas City v. Mary Don Co.*, 606 S.W.2d 411 (Mo.App.1980). Here, however, the county's petition seeks to enjoin a public nuisance on a state highway. The construction and maintenance of state highways is under the exclusive jurisdiction and control of the State Highways and Transportation Commission. § 227.030, RSMo 1986. The fact that a state highway goes through a municipality does not make it the property of the municipality. *State ex rel. Russell v. State Highway Comm'n*, 328 Mo. 942, 42 S.W.2d 196, 204 (1931). Rather, the highway remains the state's property and under the state's control. *See, Crofton v. City of Kansas City*, 660 S.W.2d 709, 716 (Mo.App.1983). Thus, if the county desires to bring suit to enjoin a public nuisance on a state highway, the suit must be instituted and maintained in the name of, and on behalf of, the State of Missouri by the prosecuting attorney on the information of the county. *State ex rel. Carter County v. Pennington*, 720 S.W.2d 779, 780 (Mo.App.1986). Because the county's petition was not brought by the prosecuting attorney of St. Charles County for and on behalf of the State of Missouri, the county's petition on the public nuisance counts fails for lack of standing. *County of Shannon v. Mertzlufft*, 630 S.W.2d 238, 239 (Mo.App.1982). Having no jurisdiction, the trial court properly dismissed the county's petition with respect to those counts.

The second allegation of error is that the trial court erred in dismissing the county's petition because a levee is not a "farm structure" as the term is used in § 64.620.

It is unnecessary to address the county's second allegation of error as presented. Without deciding whether a levee is a farm structure within the meaning of § 64.620, the trial court's entry of summary judgment may be affirmed under other provisions of the statute which exempt from the permit requirement land used for the raising of crops.

Summary judgment may be entered only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Rule 74.04(c); Belton v. Board of Police Comm'rs*, 708 S.W.2d 131, 132 (Mo. banc 1986). Supporting and opposing affidavits must be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify on the matters stated therein. *Rule 74.04(e); Allen v. St. Luke's Hosp. of Kansas City*, 532 S.W.2d 505, 507 (Mo.App.1975). A party confronted by a proper motion for summary judgment may not rest upon mere allegations or denials in his pleadings but must, in order to overcome the motion, by affidavits or otherwise, set forth specific facts showing a genuine issue for trial. *Rule 74.04(e); Cherry v. City of Hayti Heights*, 563 S.W.2d 72, 75 (Mo. banc 1978). An affidavit which fails to aver specific facts and relies only upon mere doubt and speculation fails to raise any issue of material fact. *American Bank of Princeton v. Stiles*, 731 S.W.2d 332, 339 (Mo.App.1987).

Landowners submitted affidavits in support of their respective motions for summary judgment in which they attested to the agricultural use of their property. Landowners Dillard and Lane affirmed that their land had always been used for planting and harvesting of crops and for general agricultural purposes. Dardenne, by its president, and Busch each attested that levees built on their properties were built for the purpose of protecting agricultural lands for the raising of crops and the maintenance of farm structures and encompassed lands used and to be used for the raising of such crops.

The county submitted the affidavit of Stephen G. Lauer, Planning Director for St. Charles County, in opposition to landowners' motions for summary judg-

ment. Mr. Lauer alleged that he had personal knowledge as to the Flood Plain Order and of the flooding along highway C in St. Charles County. He did not, however, allege personal knowledge of landowners' properties. Apparently in response to landowners' attestations regarding the use of their land, Mr. Lauer stated that the property of defendants "might now, or in the future may, be used for purposes other than the planting of crops and for general agricultural purposes." Additionally, in response to landowners Lane and Dillard's requests for admission that the landowners' property was used for growing crops and farming, the county stated, "The exact purposes for which the property is used is unknown to us."

Mr. Lauer's affidavit on behalf of the county was without probative value on the motions for summary judgment. The affidavit fails in two respects: (1) Mr. Lauer does not attest to having personal knowledge with regard to the landowners' use of the land for raising crops, and (2) his mere opinion that the landowners might or may use their land for something other than the growing of crops does not raise any issue of material fact. The facts contained within the affidavits of the landowners must, as a consequence, be deemed to have been admitted. *Cherry v. City of Hayti Heights*, 563 S.W.2d at 75.

Accordingly, because the admitted facts bring the land within the exemption from the permit requirements of § 64.620, the trial court's summary judgment is affirmed.

All concur.