**Raymond WESTHOUSE, Plaintiff/Appellant,**

v.

**Mary Ann BIONDO, Defendant/Respondent.**

No. 74213.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 23, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 7, 1999.

Application to Transfer Denied June 1, 1999.

---

William G. Buchholz, II, Clayton, for appellant.

Todd J. Aschbacher, Susman, Schermer, Rimmel & Shifrinn, L.L.C., St. Louis, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Plaintiff, Raymond Westhouse, filed a defamation action against defendant, Mary Ann Biondo, alleging she defamed him in letters she sent to his two employers, the Jennings police chief· and the U.S. Customs Service. The trial court granted summary judgment in defendant's favor. On appeal plaintiff contends the trial court erred in finding he was a public official and thus required to show that defendant acted with actual malice in publishing letters that defamed him. Defendant further argues the court erred in finding he did not and could not present sufficient evidence defendant published her letters with actual malice. We affirm.

The record before the court on summary judgment contains the following uncontroverted facts: Plaintiff was a full time employee with the United States Postal Service, was also a reserve police officer with the City of Jennings and was a customs inspector for the U.S. Customs Service. Defendant was a flight attendant and an

acquaintance of plaintiff, who moved from the St. Louis area to Atlanta, Georgia in December, 1993. In early 1995 defendant sent letters to the United States Customs Service and the City of Jennings Police Chief detailing various acts of plaintiff that had caused her concern. In her letters, defendant alleged the plaintiff (1) showed his customs credentials to gather information on flight times and the whereabouts of defendant; (2) carried a firearm when he was in Atlanta, Georgia and in St. Louis, Missouri; (3) attempted to unlawfully bypass airport security with a weapon by showing his badge; (4) arranged with apartment security where defendant lived to have plaintiff allowed into defendant's apartment; (5) arranged with other police departments to have defendant followed; (6) repeatedly made harassing telephone calls to defendant and her parents; and, (7) called police departments in different states to fix tickets for his friends claiming he was with United States Customs and the Jennings police department.

When we consider an appeal from summary judgment, we review the record[1] in the light most favorable to the non-movant. *ITT Commercial Finance v. Mid–Am. Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is essentially de novo. *Id.* at 376. The criteria on appeal for testing the propriety of summary judgment are no different from those which are employed by the trial court to determine the propriety of sustaining the motion initially. *Id.* The burden on a summary judgment movant is to show a right to judgment flowing from facts about which there is no genuine dispute. *Id.* at 378.

A "defending" party may establish a right to judgment by showing: (1) facts that negate any one of the claimant's elements facts; (2) that the non-movant has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements; or (3) that there is no genuine dispute as to the existence of the facts necessary to support the movant's properly pleaded affirmative defense. *Id.* at 381.

The non-movant must show by affidavit, depositions, answer to interrogatories, or admissions on file, that one or more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed. *Id.* A "genuine issue" exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts. *Id.* at 382. A "genuine issue" is a dispute that is real, not merely argumentative, imaginary or frivolous. *Id.*

■ For his first point plaintiff contends that the trial court erred in finding that he was a public official and thus required to show that defendant published her letters with actual malice. Plaintiff argues that the conduct defendant set out in her letter was not official conduct performed by plaintiff as a reserve police officer or customs inspector.

■ *New York Times Co. v. Sullivan*, 376 U.S. 254, 283–84, 84 S.Ct. 710, 727–28, 11 L.Ed.2d 686 (1964), requires that when a public official is involved in a defamation suit, a finding of defamation must be supported by clear and convincing proof that a libelous falsehood was made with actual malice, that is with knowledge that it was false or with reckless disregard of whether it was false or not at a time when defendant had serious doubt as to whether it was true. *See also, Bauer v. Ribaudo*, 926 S.W.2d 38, 42 (Mo.App.1996); *Ramacciotti v. Zinn*, 550 S.W.2d 217, 224–26 (Mo.App. 1977); Missouri Approved Instruction No. 23.06(2). Law enforcement personnel are public officials for purposes of applying the actual malice standard under *New York Times*. *See Shafer v. Lamar*, 621 S.W.2d 709, 710 (Mo.App.1981); *Ramacciotti*, 550

---

1. In reviewing the record we observe that plaintiff failed to present the relevant documents in chronological order as required under Rule 81.12(a). Without sanctioning this practice, we will review this case on the merits.

S.W.2d at 225; *Rowden v. Amick*, 446 S.W.2d 849, 857 (Mo.App.1969); *see also* 19 A.L.R.3d 1361, Section 5(d) (1968 and Supp.1996).

■ Plaintiff argues that, because defendant's letter did not suggest he was performing official duties as a customs inspector or police officer at the time of the conduct complained of, he was not a "public official" for purposes of applying the *New York Times* rule. Plaintiff asserts that *New York Times* requires a public official plaintiff to prove actual malice only when challenged defamatory statements criticize official conduct. However, the Supreme Court has not limited "official conduct" solely to conduct while engaged in official duties.

> The public-official rule protects the paramount public interest in a free flow of information to people concerning public officials, their servants. To this end, anything which might touch on an official's fitness for office is relevant. Few personal attributes are more germane to fitness for office than dishonesty, malfeasance, or improper motivation, even though these characteristics may also affect the official's private character.

*Garrison v. Louisiana*, 379 U.S. 64, 77, 85 S.Ct. 209, 217, 13 L.Ed.2d 125 (1964). The applicability of the actual malice standard is not limited to the performance of official acts. *Monitor Patriot Co. v. Roy*, 401 U.S. 265, 271, 91 S.Ct. 621, 625, 28 L.Ed.2d 35 (1971). Comments bearing on the private conduct of a police officer may touch on the officer's fitness to hold office. *Shafer*, 621 S.W.2d at 711.

The letters defendant wrote to both the Jennings police chief and the United States Customs Service clearly complain of plaintiff's malfeasance and improper motivation in exercising powers he had as an officer of the law and his fitness for office. The letters' introductory sentence highlights plaintiff's position as a customs inspector and a police officer. Defendant charges plaintiff with fixing traffic tickets and using his influence as a police officer to have defendant followed by Atlanta police. Defendant charges plaintiff with circumventing airport security when not on official business and alleges plaintiff lied to defendant's fellow employees that he needed to locate defendant regarding official customs matters. Further, the allegations in the letters are clearly relevant to plaintiff's fitness as a law enforcement officer insofar as they charge plaintiff with criminal activity. The trial court did not err in holding plaintiff to be subject to the actual malice standard applicable to public officials. Point one is denied.

■ For his second point plaintiff contends that, even if he is a public official for purposes of applying the actual malice standard under *New York Times*, he produced sufficient evidence to allow the motion court to find a genuine issue of disputed fact with respect to whether defendant acted with actual malice in publishing her letter. The trial court found that plaintiff was "unable to produce any evidence of actual malice to sustain his claims." We agree with the trial court.

■ To prevent summary judgment in a defamation action which has constitutional implications, a public figure plaintiff is required only to submit evidence which shows a genuine issue of material fact from which a reasonable jury could find actual malice with convincing clarity. *Bauer v. Ribaudo*, 926 S.W.2d 38, 42 (Mo. App.1996). A plaintiff is not required to prove actual malice to the motion court. *Id.* However, plaintiff has not satisfied his burden of showing a genuine issue of material fact on the issue of actual malice.

Defendant filed both an affidavit in opposition to defendant's summary judgment motion and a response to the motion. In his affidavit plaintiff averred that the statements defendant made in her letters were false because he had never engaged in the conduct plaintiff described. He attached correspondence he had received from defendant in 1994, a tape recording he had made of a telephone conversation

with a friend of defendant's, and an affidavit defendant had signed in 1994 attesting to plaintiff's good character on a notary public application.

In *State ex rel. Conway v. Villa*, 847 S.W.2d 881, 886–87 (Mo.App.1993) we set out the requirements for an affidavit filed in opposition to a motion for summary judgment:

> A party confronted by a proper motion for summary judgment may not rest upon mere allegations or denials but must, in order to overcome the motion, by affidavits or otherwise, set forth specific facts showing a genuine issue for trial. Rule 74.04(e); *St. Charles County v. Dardenne Realty Co.*, 771 S.W.2d 828, 830 (Mo. banc 1989). The affidavits must be based on personal knowledge, set forth facts that would be admissible in evidence, and show affirmatively that the affiant is competent to testify on the matters stated therein. Rule 74.04(e); *Dardenne*, 771 S.W.2d at 830. An affidavit that fails to aver specific facts and relies only upon mere doubt and speculation fails to raise any issue of material fact. *Dardenne*, 771 S.W.2d at 830.

Plaintiff's general denial that he had engaged in the conduct outlined in defendant's letters fails to satisfy the "specific facts" test and does not show actual malice with convincing clarity because the bare claim that the statements were false is not evidence that defendant knew they were false or entertained serious doubts as to the truth of the statements when she made them. Proof of falsity is not proof of malice. *Washington v. Thomas*, 778 S.W.2d 792, 799 (Mo.App.1989); *Lami v. Pulitzer Publishing Co.*, 723 S.W.2d 458, 460 (Mo.App.1986).

Likewise, plaintiff's reference in his affidavit to a transcript of a telephone conversation plaintiff had with a friend of the defendant fails to create a fact issue because the transcript constitutes inadmissible hearsay which may not be used to avoid summary judgment. *Conway*, 847 S.W.2d at 887. The facts that defendant attested to plaintiff's good character on his notary public application in February, 1994 and sent affectionate correspondence to plaintiff prior to May, 1994 are not evidence that defendant acted with actual malice in publishing her letters in early 1995.

In his response, defendant also relied on an excerpt from defendant's father's deposition in which the father testified that, after defendant moved to Atlanta, defendant told him that she did not understand why plaintiff was bothering her because "he had girls all over the place." Again this testimony is not evidence that defendant knew the statements in her letters were false or were made with serious doubts as to their truth when she wrote the letters in 1995.

Plaintiff's response, the materials attached thereto, his affidavit, and the attached exhibits did not present evidence of actual malice to create a disputed question of fact. Point two is denied.

The judgment of the trial court is affirmed.

PAUL J. SIMON, P.J. and
LAWRENCE E. MOONEY, J., concur.